IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

|                                  |   |                  |
|----------------------------------|---|------------------|
| REUBEN MCNEW,                    | ) |                  |
|                                  | ) |                  |
|     Plaintiff, | ) |                  |
|                                  | ) | CIVIL ACTION     |
| v.                               | ) | FILE NO._____ |
|                                  | ) |                  |
| TURNING POINT SOLUTIONS, LLC,    | ) |                  |
|                                  | ) |                  |
|     Defendant. | ) |                  |
| _____) |   |                  |

**NATURE OF ACTION**

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**PARTIES**

4. Plaintiff Reuben McNew ("Plaintiff") is a natural person who at all relevant times resided in the State of Missouri, County of Greene, and City of Springfield.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant Turning Point Solutions, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of an alleged debt, on February 12, 2015, Defendant called Plaintiff and left a voicemail message.

12. Upon information and belief, Defendant's February 12, 2015 voicemail message was its initial communication with Plaintiff with respect to the debt.

13. Defendant's February 12, 2015 voicemail message failed to disclose that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose.

14. Defendant's February 12, 2015 voicemail message failed to disclose that the communication was from a debt collector.

15. Defendant's February 12, 2015 voicemail failed to disclose Defendant's true corporate identity.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

16. Plaintiff repeats and re-alleges each and every allegation contained above.

17. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

18. Plaintiff repeats and re-alleges each and every allegation contained above.

19. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

3

20. In the alternative, Defendant violated 15 U.S.C. § 1692e(11) by failing to state in all subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

21. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: June 17, 2015.                    Respectfully submitted,

/s/ Anthony LaCroix
Anthony LaCroix
LaCroix Law Firm, LLC
Bar No.60793
406 W. 34th Street, Suite 810
Kansas City MO 64111
(816) 399-4380
tony@lacroixlawkc.com
Counsel for Plaintiff

Co-counsel
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206